IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THURSTON WALLER,<br><br>　　　　　　　Petitioner<br><br>VS.<br><br>ANTHONY WASHINGTON, WARDEN,<br><br>　　　　　　　Respondent | NO. 5:08-CV-312 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Petitioner Thurston Waller filed the above-captioned petition seeking federal habeas corpus relief. Tab #1. He has sued Warden Anthony Washington alleging four grounds which he claims entitle him to federal habeas corpus relief. Respondent Washington has filed an answer/response to the petition. Tab #12. After careful consideration, the undersigned recommends that the petition be **DENIED**.

## I. Procedural History

Petitioner Waller was indicted by a Putnam County, Georgia grand jury on February 24, 2004, for sale of cocaine and sale of cocaine within a drug free commercial zone. On August 23, 2004, he entered a plea of guilty to the sale of cocaine charge. He received a "split" sentence of seven (7) years, to serve 60-120 days in confinement and the balance on probation.

A petition for revocation of his probation was filed on June 29, 2005, and amended on September 23, 2005. The petition, as amended, alleged that the petitioner had violated the terms of his probation. Following a hearing on October 4, 2005, his probation was revoked, and he was ordered to serve 550 to 600 days in a detention center followed by twelve months of intensive probation and the remainder on regular probation.

On December 2, 2005, another petition seeking revocation of the petitioner's probation was filed. This petition alleged that the petitioner had violated the rules of the detention center by refusing to complete the program. At a hearing on December 13, 2005, petitioner Waller's probation was revoked in full. The trial court sentenced him to serve the balance of his sentence in a different probation detention center.

The petitioner sought discretionary appeal of the trial court's decision. The Georgia Court of Appeals dismissed his application as untimely. *Waller v. State*, No. A06D0427 (Ga. App. Aug. 25, 2006). The petitioner then filed a **state** habeas corpus petition challenging the revocation and raising eight grounds. Following an evidentiary hearing, the **state** habeas corpus court denied relief. Petitioner Waller then filed an application for certificate of probable cause in the Georgia Supreme Court. This application was also denied. He then filed the instant **federal** petition once again challenging the probation revocation. Therein, the petitioner raises four grounds each of which basically assert that he is being confined in a state prison rather than a probation detention center.

Following service, respondent Washington filed an answer, a supporting brief, and several exhibits. Therein, respondent Washington addressed each of the petitioner's asserted grounds and concluded that the petitioner grounds fail to state a claim for relief and/or constitute new procedurally defaulted claims. As such, the respondent avers that this petition should be dismissed.

## II. Legal Standards

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

Moreover, this Court shall presume that determinations of factual issues made by a state court are correct absent clear and convincing evidence to the contrary. Finally, the undersigned notes that if the petitioner has failed to develop the factual basis of his claims in state court proceedings, this Court will not hold an evidentiary hearing on the claim unless the petitioner shows that (A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

### III. Discussion

In ground one, petitioner Waller alleges a violation of equal protection in that he received a sentence of 5 years 8 months to be served in a probation detention center despite the fact that his probation was fully revoked. According to the petitioner, the court had no authority to order him confined in a probation detention center, as opposed to a state prison. In response, respondent Washington argues that this ground fails to allege a violation of "clearly established Federal law" within the meaning of 28 U.S.C. § 2254(d). Obviously, the respondent is correct. In addition, the undersigned notes that the order revoking the petitioner's probation expressly permits the Department of Corrections to transfer the petitioner to other facilities, included in which are state prisons. That is to say, insofar as Georgia Department of Corrections' penal institutions are concerned, and for purposes of the petitioner's arguments proffered in this ground, there exists no legally significant difference between a detention center and a state prison.[1] For these reasons, the petitioner's first ground is without merit and should be dismissed.

---

[1] Moreover, the record of the petitioner's incarceration found using the Georgia Department of Corrections' internet inmate query, indicates that prior to being granted parole on August 28, 2009, the petitioner was incarcerated in Baldwin State Prison.

In ground two of the petition, and in contrast to ground one, the petitioner alleges cruel and unusual punishment. This, according to the petitioner, is because, while the judge ordered him to a probation detention center, the Department of Corrections since January 1, 2006 has kept him in a state prison as opposed to a probation detention center. In ground three of the petition, petitioner Waller alleges false imprisonment on the same basis relied upon in ground two. In ground four of the petition, he alleges a violation of due process in that, at the probation revocation hearing, after his counsel presented for the court's consideration a sentence of three (3) years in prison and the remainder of probation terminated, the prosecutor improperly stated that if the court were to accept this suggested sentence, he would be paroled in six (6) months.

In response to grounds two through four, and with regard to the federal questions presented therein, the respondent avers that they are procedurally defaulted as the petitioner failed to raise them in his state habeas corpus action. With respect to any other claims raised in these grounds, the respondent contends that they do not allege violations of established federal law that would entitle the petitioner to relief pursuant to 28 U.S.C. § 2254(d). The respondent is correct on both counts.

## IV. Conclusion

In view of the above, and after carefully reviewing the record in case and the arguments of the parties, it is apparent that petitioner Waller has failed to state a claim for which federal habeas corpus relief may be granted. This conclusion is evinced by the fact that his stated grounds are insufficient to or fail to raise a federal question and/or are procedurally defaulted. Given the deficient nature of the petition, and in the interest of judicial efficiency, further analysis does not appear to be necessary.

Accordingly, IT IS RECOMMENDED that the petition of Thurston Waller for relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 9th day of June, 2010.



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE